**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Paul Blackmer

   v.                                       Civil No. 11-cv-079-SM

Paul Fortier et al.

**O R D E R**

Before the Court is pro se prisoner Paul Blackmer's "Motion for Assistance of the Court" (doc. no. 12), in which Blackmer has requested clarification of this court's orders with respect to service of process, and an appointment of counsel to help him with service. A clarification of the court's orders is provided below. The request for counsel is denied.

I.   Clarification

Blackmer initiated this lawsuit by filing a document entitled, "Formal Request That the Court Shall Order Stay of Limitations Regarding Paul Blackmer Approach That Intends to Seek No More than Just 42 U.S.C. § 1983 (§ 1985?) Redress." Blackmer specifically requested in that filing that the statute of limitations applicable to his section 1983 claims arising from an August or September 2008 disciplinary hearing be tolled to enable him to file an action in the future. He asserted that he needed such relief because he could not obtain a tape recording of that August or September 2008 disciplinary hearing.

In an Order issued on February 24, 2011 (doc. no. 2), this
court construed the factual allegations set forth in that
initial filing (doc. no. 1) to be a complaint, intended to
initiate a civil rights lawsuit within the statute of
limitations for claims arising in August or September 2008,
subject to Blackmer's ability to amend that complaint, in
accordance with Fed. R. Civ. P. 15 and this court's orders.
That Order (doc. no. 2) had the effect of mooting the request
that the statute of limitations be tolled, insofar as it caused
Blackmer's lawsuit to be filed before the limitations period
expired.  The court directed Blackmer to pay the filing fee or
to file an in forma pauperis motion.  See Order (doc. no. 3).
Blackmer filed such a motion.  The court granted Blackmer leave
to proceed in forma pauperis.  See Order (doc. no. 11).

As noted in the Report and Recommendation this date, the
court has construed all of the claims and factual allegations
asserted in the initial filing (doc. no. 1) and in the addenda
filed by Blackmer (doc. nos. 4 and 10) to constitute the
complaint in this action for all purposes.  For reasons stated
in that Report and Recommendation, the magistrate judge has
recommended dismissal of all of Blackmer's claims in the
complaint (doc. nos. 1, 4, and 10).

2

II.  Appointment of Counsel

     There is no absolute right to free legal representation in
a civil case.  See Maroni v. Pemi-Baker Reg'l Sch. Dist., 346
F.3d 247, 257 (1st Cir. 2003).  Rather, appointment of counsel
in a civil case is left to the discretion of the court.  See 28
U.S.C. § 1915(d).  An appointment is warranted if an indigent
litigant demonstrates that exceptional circumstances exist, such
that without counsel the litigant most likely would be unable to
obtain due process of the law.  See King v. Greenblatt, 149 F.3d
9, 14 (1st Cir. 1998).

     Blackmer has failed to show that there are any exceptional
circumstances in this case warranting an appointment of counsel.
Blackmer has cited his inability to photocopy documents and his
need to serve process as reasons for such an appointment.
Counsel is not needed to help serve process, however, as
Blackmer is proceeding in forma pauperis.  This court generally
provides assistance to pro se in forma pauperis plaintiffs if
the court, following preliminary review of the complaint,
directs that process be served.  See Fed. R. Civ. P. 4(c)(3);
Local Rule 4.3(d)(2)(C).  Here, the court has recommended
dismissal of all claims in this action and has not ordered
service at this time.  For those reasons, the court

denies Blackmer's request that counsel be appointed to represent
him and to assist with service of process.

The denial of the request for counsel's appointment is
without prejudice to Blackmer's filing a motion for such an
appointment in the future, in the event that the district judge
rejects the recommendation of dismissal.  Blackmer would be
required to show in such a motion that there are exceptional
circumstances warranting counsel's appointment.

### Conclusion

Blackmer's motion to clarify (doc. no. 12) is GRANTED IN
PART, to the extent that the court clarifies herein its prior
orders relating to service of process.  The motion is DENIED as
to the request for appointment of counsel and in all other
respects, without prejudice to Blackmer filing a motion for
appointment of counsel if the district judge does not accept the
Report and Recommendation issued this date.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge


December 13, 2011

cc:  Paul Blackmer, pro se

LBM:nmd